BEFORE THE THIRD DIVISION, DECEMBER 5, 1945

**No. 50742.**—Protest 82909–K of W. J. Byrnes & Co. (San Francisco).

KEEFE, Judge: This case involves an importation of 19 pieces of teakwood squares and 2,292 pieces of teakwood two-by-fours in various lengths. The Government inspector who measured the lumber returned the 19 squares as containing 9,785 board feet and the 2,292 two-by-fours as 51,120 board feet. The lumber was granted entry free of duty under paragraph 1803, Tariff Act of 1930, but assessed with an import tax of $1.50 per 1,000 feet, board measure, under the provisions of 26 U. S. C. 3424, as modified by the Canadian Trade Agreement, T. D. 49752. Although the taxable amount for the entire shipment was returned as 60,905 board feet, the invoiced quantity of the 19 pieces of teak squares was 10,028 board feet, 243 board feet more than the inspector's actual measurement. Therefore, the controversy here before us relates particularly to the proper measurement of the 2,292 two-by-fours, invoiced as measuring 28,000 board feet and returned as measuring 51,120 board feet.

At the trial the customhouse broker who made the entry testified for the plaintiff. He identified three bills as the freight bills covering the merchandise, two for transportation from Bangkok to San Francisco, and the remaining bill from San Francisco to the Mare Island Navy Yard. These freight bills were admitted in evidence as collective exhibit 1.

The inspector of customs who measured the lumber testified for the plaintiff that the 19 pieces of teakwood squares were individually measured to obtain a total of 9785⅚ board feet; and that the 2,292 pieces of teakwood were in various lengths from 14 to 28 feet. The witness was of the opinion that the dimensions of these 2,292 pieces were about 2¼ or 3 inches by 4 inches. As to the measurements reported, the inspector testified that the lumber was removed from the ship and placed in two piles, one 24 feet wide, 5 feet high, with an average length of 19 feet, and the other 22 feet wide, 5 feet high, and an average length of 18 feet; that the pieces were all parallel and piled one on top of the other; that various lengths of lumber were in each of the piles, and he was not able to state whether or not all of the pieces touched adjoining pieces; and that in measuring he multiplied the height by the breadth of each pile in order to obtain the cubic feet, and he determined the board feet by multiplying the sum so obtained by 12.

The plaintiff's traffic manager testified that he handled all matters pertaining to freight. A carbon copy of plaintiff's statement of account sent to the supply officer at the Mare Island Navy Yard as to the quantity of lumber sold to the Navy was admitted in evidence as exhibit 2. A tally or specifications furnished by the supplier at Bangkok, the Bombay, Burmah Trading Co., giving the number of pieces and the length, breadth, and thickness of each piece of lumber contained in the shipment, together with the lineal feet in each piece of lumber, the total lineal feet, and the total board feet in the shipment, was admitted in evidence as exhibit 3. The witness testified that the shipper's computation of board feet was checked under his supervision in his office and found to be correct, and that the lumber was paid for on the basis of 28,000 board feet, as shown upon the tally sheet. A tally sheet for the 19 pieces of teak, similar to exhibit 3, was admitted in evidence as exhibit 4. The Government objected to the admission of exhibits 3 and 4 upon the ground that a mere listing of the figures, without any showing that the measurements covered the exact lumber shipped upon the particular vessel bringing the merchandise in question to the United States, is incompetent evidence. Objection was overruled. A carbon copy of a statement of inspection made by the Borneo Co., Ltd., of Bangkok, on behalf of the Navy, noting the number of board feet contained in the shipment in question and showing the lot number, schedule number, and number of the Navy contract, as indicated on the invoice, as well as upon exhibits 2 and 4, was admitted, without objection, as exhibit 5.

The witness further testified that the lumber was purchased on the basis of the actual board feet measurement, computed by taking the lineal feet and deducting one-third, which equalled the board feet because the lumber uniformly measured 4 inches wide and 2 inches thick, which is equal to a board one inch thick and 8 inches wide, or two-thirds of a board foot, so that a lineal foot would be two-thirds of the board foot in a board of such width and breadth. The witness further testified that the Navy paid for the lumber in full on the basis of the invoiced footage as shown in exhibit 1.

The plaintiff contends that the customs inspector's measurement was erroneous in method as well as result; and that the regulations were not followed. The Government contends that the 2,292 pieces of teak lumber contained 51,120 board feet, as returned by the customs inspector, upon the theory that by reason of the presumption of correctness which attaches to the collector's classification it must be presumed that 51,120 board feet accurately represents the amount of lumber in as much as the plaintiff has failed to prove the quantity imported.

The Customs Regulations of 1937, article 1370 (c), directs that when the quantity of lumber is to be ascertained, T. D. 31791 should be followed. Said T. D., as far as it is applicable to the situation here before us, provides as follows:

* * * When no measure or tally of the lumber is made by either the buyer or seller at the time the cargo is discharged from the vessel, but *when the lumber is piled on the dock by dimensions,* the assistant weigher or inspector usually counts the tiers and courses of each pile and makes up his dock-book and return accordingly. * * *

While an actual scale or tally can not usually be made, *every reasonable precaution should be taken to verify the invoice quantities, or if the same be incorrect to ascertain the actual quantity imported,* and if necessary the importer may be called upon to furnish a copy of the tally upon which settlement was made and all records in his possession showing the amount of lumber received and paid for by him. * * * [Italics not quoted.]

The lumber in question was not piled on the dock by dimensions. The inspector testified that each of the piles contained lumber in lengths of 14 to 28 feet. The inspector's testimony clearly establishes that there was no precaution

taken to verify the invoice quantities or to ascertain the actual quantity imported. All that was done was to ascertain the cubic measurement of the two piles of lumber. Even though the average length of the lumber in the two piles was fairly accurate, it is obvious if the lumber were carefully piled, that the inspector's measurements were inaccurate. All of the bills, specifications, and invoice descriptions of the 2,292 pieces of teakwood agree that the width of each board is 4 inches and the depth is 2 inches. Therefore, a pile of lumber 24 feet wide would contain 3 four-inch boards to the foot or 72 boards, and if the pile were 5 feet high, it would contain 6 two-inch boards to the foot or 30 boards. Consequently a pile of boards 24 feet wide and 5 feet high would contain 2,160 two-by-fours, and a pile of lumber 22 feet wide and 5 feet high, figured the same way, would contain 1,980 two-by-fours, or a total for the two piles of 4,140 pieces. Accepting the average length of the piles returned by the inspector as approximately accurate, it is clear that the cubic feet of a space large enough to contain 4,140 two-by-fours would not be the same for 2,292 two-by-fours. As contended for by the plaintiff, if the regulations had been followed, the inspector would have taken measures to verify the invoice quantities, and, if found to be incorrect, to ascertain the actual quantity imported. That was not done in this case, and to such extent the regulations were not followed.

The question, therefore, arises whether or not the importer has established that the imported quantity is the quantity stated on the invoice, to wit, 28,000 board feet. The freight bill from Bangkok to San Francisco notes the cubic feet as 2,333. The freight bill from San Francisco to the Mare Island Navy Yard notes the total number of board feet for the 2,292 pieces as 27,996. (See collective exhibit 1.) The quantity as shown in exhibit 1 is verified in exhibit 2, the bill sent to the United States Navy Supply officer for the 2,292 pieces of 2 x 4" teak decking as 28,000 board feet at $234 per 1,000 board feet, which the plaintiff's witness testified was the basis of payment for the merchandise. The specifications of the merchandise, exhibit 3, show the exact length, breadth, and depth of each piece, the exact lineal feet in each piece, the total number of lineal feet, and the total board feet, to wit, 28,000. Exhibit 5, a copy of a certificate of the Borneo Co., Ltd., agents of Lloyd's Agents in Bangkok, reads in part as follows:

We, the undersigned, The Borneo Company, Limited, Lloyd's Agents in Bangkok, hereby certify that having been requested by the Naval Attaché of the United States of America, Bangkok to examine and report of the following Teakwood at the Bombay Burmah Trading Corporation Ltd's. Sawmill in Bangkok, did appoint Messrs. The East Asiatic Company, Limited, to inspect the said Teakwood and their report is attached hereto:

\*   \*   \*   \*   \*   \*   \*

*Lot 254 Teak Decks to San Francisco*
2,292 pieces 4" x 2" x 14' & up, avg. 18.32' *Tons 46.33.4.0.*
Marked
B B T C L. A & CO
BOMBAY BURMAH TRADGN: CORPN: LTD.
LOT 254 SCH. 3247
PRODUCT OF THAILAND TEAK

We hereby certify that the Surveyors above mentioned are fit and competent persons and that confidence may be placed on their report.

It must be noted that this Certificate is given by us personally and not in our capacity as Agents for the Corporation of Lloyd's.

       For THE BORNEO COMPANY LIMITED.,
            G. Watts,
            MANAGER
            Lloyd's Agents.

In view of the fact of the uncontradicted testimony of the plaintiff's traffic manager that the lumber was purchased on the basis of the actual board foot measurement, and that the Navy paid for the lumber in full on the basis of the invoiced footage as shown on exhibit 1, we are of the opinion that the evidence is sufficient to establish that the invoiced quantity of board feet contained in the 2,292 pieces of teakwood two-by-fours is the actual quantity imported, to wit, 28,000 board feet as claimed.

Judgment will therefore be entered in favor of the plaintiff directing the collector to reliquidate the entry and take action accordingly.